# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| DONALD P. ROGERS,<br><br>Plaintiff,<br><br>vs.<br><br>CHIEF COUNTY ATTORNEY ED CORRIGAN, DISTRICT COURT JUDGE KITTY CURTIOUS; CITY OF KALISPELL, and the COUNTY OF FLATHEAD<br><br>Defendants. | Cause No. CV 13-00165-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are Plaintiff Donald Rogers's Motion for Leave to Proceed in Forma Pauperis, proposed Complaint, Motion to Appoint Counsel, Motion to Produce Documents, Motion to Preclude Defendants from Official Immunity, and Petition Requesting Stay of Civil Rights Complaint. (Dkt. #s 1, 2, 3, 4, 5, 7). Rogers alleges his constitutional rights were violated when a criminal conviction for sexual assault from the 1990s was reversed on appeal and dismissed but was not expunged from his record pursuant to state law.

Rogers's allegations fail to state a federal claim upon which relief can be granted and the Complaint should be dismissed with prejudice.

## I. Motion to Proceed in Forma Pauperis

Rogers submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Rogers's account statement shows he has insufficient funds to pay an initial partial filing fee and therefore that fee will be waived. But Rogers must still make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Rogers to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statement of the Case

### A. Parties

Rogers is a prisoner proceeding without counsel. He names the following Defendants: Ed Corrigan, Flathead County Attorney; Kitty Curtious,[1] the City of Kalispell, and Flathead County.

---

[1] The Court presumes Rogers is referring to former Flathead County District Court Judge Katherine "Kitty" Curtis.

B. **Statement of Claims**

In the late 1990s, Rogers was arrested, tried and convicted of sexual assault. The Montana Supreme Court reversed that conviction and remanded it back for retrial. All charges were eventually dismissed.

Rogers contends Defendants Corrigan and Curtis violated Mont. Code Ann. § 46-23-510 by not expunging all records pertaining to his arrest and prosecution for the alleged sexual assault.[2]

He alleges Defendants Corrigan and Curtis "withheld expungement details" and Rogers did not discover the fact that the expungement statutes were ignored until approximately 2012. Rogers claims that in doing so, Corrigan and Judge Curtis violated his rights to due process and equal protection of the law as secured to him by both the United States and Montana Constitutions. He alleges that as a result he suffers severe mental anguish and emotional trauma.

As to Defendants City of Kalispell and Flathead County, Rogers alleges those entities permitted and tolerated a pattern, practice, and usage by Flathead County officials ignoring and withholding expungement statutes. As a result,

---

[2]Mont. Code Ann. § 46-23-510 provides: "Upon final reversal of a conviction of a sexual or violent offense, the sentencing court shall order the expungement of any records kept by a court, law enforcement agency, or other state or local government agency under this part."

3

Rogers contends he was denied his right to be free from self incrimination and due process of the law.[3]

Rogers seeks compensatory damages, punitive damages, declaratory relief, and a permanent injunction enjoining defendants from engaging in the practice of withholding expungement statutes from the criminal justice system.

## III. **Prescreening**

### A. **Standard**

Rogers is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

---

[3]Based upon Rogers's other civil actions filed in this Court (CV Nos. 13-163-M-DWM-JCL and 13-164-M-DWM-JCL), it is assumed that Rogers is referring to questioning regarding this sexual assault charge during a 2011 criminal proceeding.

4

(2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

Claims under 42 U.S.C. § 1983 as a general proposition cannot be based on violations of state law. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 371 (9th Cir. 1998) ("state law violations do not, on their own, give rise to liability

under § 1983" (citation omitted)); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal 'Constitution and laws.' " (citing 42 U.S.C. § 1983)). Here, Rogers has only alleged a violation of a state statute and has not sufficiently alleged a federal cause of action.

But even assuming a violation of Mont. Code Ann. § 46-23-510 could create a federal cause of action, Rogers cannot establish a federal claim for relief because the statute only creates an affirmative duty on the sentencing court and Judge Curtis is entitled to judicial immunity. Judges are entitled to absolute immunity from liability for damages in civil rights suits for judicial acts or omissions performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). The duty to expunge sexual assault records was clearly within Judge Curtis's subject matter jurisdiction. Therefore, even if she failed to comply with this statutory obligation, she is entitled to judicial immunity and should be dismissed.

As stated, the statute at issue only creates an affirmative duty on the sentencing court. As such, County Attorney Corrigan was under no obligation to effect the expungement of Rogers's records. Mr. Corrigan should therefore be

dismissed from this action.

Lastly, the City of Kalispell and/or Flathead County cannot be held liable for the acts or omissions of Judge Curtis. The question is "whether under state law the acts in question were performed under the municipality's or the state's authority." *Eggar v. City of Livingston*, 40 F.3d 312, 314 (9th Cir. 1994). As in the *Eggar* case, Judge Curtis's decisions regarding expungement of records were not administrative or ministerial acts based upon her authority as a local official. Rather her decisions were "an exercise of judicial discretion drawn from the authority of the state, appealable to higher state courts, and closely analogous to action found to be outside the scope of municipal liability." *Eggar*, 40 F.3d at 314. The City and the County do not control the judicial decisions of district court judges. Those entities do not have the power to authorize or ratify judicial conduct and thus cannot be held responsible for judicial acts. As such, the City of Kalispell and Flathead County should also be dismissed from this action.

To the extent Rogers seeks to pursue Montana state law claims, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)(district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

## IV. Conclusion

Rogers's allegations fail to state a federal claim upon which relief may be granted and should be dismissed with prejudice. The Court should decline to exercise supplemental jurisdiction over any state law claims.

In light of this recommendation, Rogers's Motion for Appointment of Counsel and/or Attorney Fees (Dkt. 3), Request to Produce Documents and Tangible Things or to enter onto land under discovery rule (Dkt. 4), Motion to Preclude Defendants from Official Immunity (Dkt. 5), and Petition Requesting Stay of Civil Rights Complaint (Dkt. 7) will be denied.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be

taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Rogers's claims are frivolous and no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Rogers shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Rogers's Motion to Proceed in Forma Pauperis (Dkt. 1) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Dkt. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 12, 2013.

3. Rogers's Motion for Appointment of Counsel and/or Attorney Fees (Dkt. 3) is denied.

4. Rogers's Request to Produce Documents and Tangible Things or to Enter onto Land under Discovery Rule (Dkt. 4) is denied.

5. Rogers's Motion to Preclude Defendants from Official Immunity (Dkt. 5) is denied.

6. Rogers's Petition Requesting Stay of Civil Rights Complaint under the Civil Rights Act 42 U.S.C. § 1983 (Dkt. 7) is denied.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No

reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Rogers may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Rogers files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Rogers from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of September, 2013.

        /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge