

FILED

SEP 25 2013

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DONALD P. ROGERS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHIEF COUNTY ATTORNEY ED CORRIGAN, DISTRICT COURT JUDGE KITTY CURTIOUS; CITY OF KALISPELL, and the COUNTY OF FLATHEAD<br><br>　　　　Defendants. | CV 13-165-M-DWM-JCL<br><br>ORDER |

　　　Donald Rogers is a state prisoner proceeding pro se. He alleges the defendants violated his constitutional rights when his criminal conviction for sexual assault from the 1990s was reversed on appeal and dismissed but was not expunged from his record pursuant to state law. Magistrate Judge Lynch recommends dismissing this case with prejudice on the grounds that Rogers has failed to state a federal claim upon which relief can be granted.

　　　Rogers filed timely objections to Judge Lynch's Findings and Recommendations, (doc. 12), and is therefore entitled to *de novo* review of the

specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Despite Rogers' objections, I agree with Judge Lynch's analysis and conclusion. Rogers' objections are fairly general, but he appears to focus on Judge Lynch's characterization of his claims as falling under only state law. Rogers reasserts that the defendants' failure to expunge his record under state law is also a deprivation of his due process rights under the Fifth and Fourteenth Amendments, giving rise to a federal cause of action. Even if this were the case, Rogers' allegations still fail to make a claim upon which relief can be granted for the reasons stated by Judge Lynch.

Rogers did not specifically object to Judge Lynch's finding that Judge Curtis is entitled to judicial immunity. The Court finds no clear error with this determination. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The Court also finds no clear error with the finding that County Attorney Corrigan had no affirmative duty to effect the expungement of Rogers' records under the statute and that the City of Kalispell and Flathead County cannot be held responsible for

judicial acts. Based on the foregoing, Rogers has failed to state a claim upon which relief can be granted.

Rogers has also filed a motion to amend (doc. 13) following the entry of Judge Lynch's Findings and Recommendations, in which he moves to add the State of Montana as a defendant. Leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied if an amendment would be futile. *See Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009). A motion to amend is futile if it fails to state a cognizable claim. *Id.* Rogers' proposed amendment fails to state a claim upon which relief can be granted as states have immunity from prosecution in federal court. *See* U.S. Const., amend. XI; *see also Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 66, 70 (1989); *Edelman v. Jordan*, 415 U.S. 651, 667 (1974).

For these reasons, the Court adopts the Findings and Recommendations in full. For the reasons given therein, the Court dismisses Rogers' Complaint with prejudice and declines to exercise supplemental jurisdiction over any state law claims.

IT IS ORDERED that the Findings and Recommendations (doc. 10) are ADOPTED IN FULL. Donald Rogers' Complaint (doc. 2) is DISMISSED WITH

3

PREJUDICE. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Donald Rogers' Motion to Amend (doc. 13) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain this action lacks arguable substance in law or fact.

Dated this 25th day of September 2013.

_____
Donald W. Molloy, District Judge
United States District Court